IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY P. SHELDON,
    Plaintiff,

v.                              Case No: 1:08cv247/MMP/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Sheldon's applications for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are not supported by substantial evidence; thus, the decision of the Commissioner should be reversed and remanded.

## PROCEDURAL HISTORY

Mr. Sheldon filed applications for benefits claiming an onset of disability as of August 28, 2005. The applications were denied initially and on reconsideration,

and Mr. Sheldon requested a hearing before an administrative law judge (ALJ).  A hearing was held on June 22, 2007 at which he was represented by counsel and testified.  A vocational expert also testified.  The ALJ entered an unfavorable decision (tr. 20-29), and Mr. Sheldon requested review by the Appeals Council and submitted additional evidence.  The Appeals Council considered the new evidence but declined review (tr. 8-10).  The Commissioner has therefore made a final decision, and the matter is subject to review in this court.  *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Sheldon met the insured status requirements of the Act through December 31, 2011; that he had engaged in substantial gainful activity since August 28, 2005, his alleged onset date; that he had severe impairments of (1) neurofibrometosis, (2) decreased vision, (3) sensorineural hearing loss, (4) degenerative disc disease of the lumbar spine, and (5) obesity, but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; that he had the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally, stand and/or walk about six hours in an eight hour workday, and sit about six hours in an eight hour workday with only occasional operation of foot pedals and with limitations on operating around heights and pulmonary irritants; that he was capable of performing his past work as a cashier/bagger; that considering his age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could perform; and that he was not disabled as defined in the Act from August 28, 2005 through December 7, 2007, the date of the ALJ's decision .

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.920 (2009) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2009) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. See 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe physical or mental impairment that meets the duration requirement?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 to subpart P of 20 C.F.R. Part 404 and meet the duration requirement?

4. Considering the individual's residual functional capacity, can the individual perform past relevant work?

5. Can the individual perform other work given the individual's residual functional capacity, age, education and work experience?

(Id.)

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore,* 405 F.3d at 1211 (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th

Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987). If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## DISCUSSION

Mr. Sheldon argues that the ALJ erred in finding that he was engaged in substantial gainful employment during the relevant period and in determining his residual functional capacity, and that he was disabled from his onset date. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that Mr. Sheldon was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

This case contains a most unusual twist. After finding that Mr. Sheldon appropriately met the insured status requirements of the Act, the ALJ found:

> 2.  The claimant has engaged in substantial gainful activity since August 28, 2005, the alleged onset date (920 C. F. R. 404.1520(b), 404.1571 *et. seq.,* 416.920(b) and 416.971 *et seq.*

The ALJ then explained:

> The claimant's earnings record reflects earnings of $11,293.86 in 2005 and $13,817 in 2007.[1] This is clearly substantial gainful activity and the claimant reported in May 2007 that he was currently working 30 hours a week as a cashier and bagger. He stated that he had worked at this job full-time since July 2002 however his hours had

---

[1] This should be 2006 according to the earnings record (tr. 75).

*Case No: 1:08cv247/MMP/MD*

>recently been cut due to "it being the slow time of year." Although he also reported that he had difficulty performing his job duties due to the amount of standing required (Exhibit 15E/4). In an undated letter the claimant's employer reported that he can no longer work 40 hours a week due to his health and that he now works 24-28 hours per week. However, even at $7.85 an hour, which the claimant reported he was earning in 2005 (Exhibit 2E/3), 28 hours amounts to about $220 per week, or about $880 per month which still constitutes substantial gainful activity. In May 2006 the claimant reported he was earning $8.10 an hour working about 25 to 30 hours a week (Exhibit 10E/2), which totals about $243 per week. Nonetheless, the undersigned has not denied the claim at this step as the claimant is not only able to perform his past relevant work as described below, he is also not disabled pursuant to the Grid Rules.

(Tr. 22-23).

Mr. Sheldon contends that this finding was incorrect. He argues that a person could earn up to $899 per month in 2007 before he was considered to have engaged in substantial gainful activity, not $880 per month as the ALJ found. He further asserts that he did not earn that much after June 2007. The defendant responds by conceding the error as to the $880 vs. $899 discrepancy, but argues that the error was harmless because it had no effect on the ALJ's decision. That is, since the ALJ did not stop at step one of the evaluation process, but went through the entire five step sequence, the error had no effect on the ultimate decision (doc. 27, p. 4). The court invited Mr. Sheldon to respond to this harmless error argument and he has done so (doc. 31). The thrust of Mr. Sheldon's supplemental argument is that he worked as a cashier/bagger through the date of the ALJ's decision, but that at some point his work hours fell off such that he was no longer earning substantial gainful employment, apparently in June, 2007 (and long after his claimed August 28, 2005 onset date), or at about the time of the hearing before the ALJ.

The ALJ should have stopped the sequential review at step one, because as noted above, a finding that a person is doing substantial gainful employment commands a finding of not disabled at step one. The ALJ did not stop, however. He went on to find that Mr. Sheldon could perform his past relevant work, which was exactly the work he was doing when the ALJ erroneously found that he was engaged in substantial gainful employment. Mr. Sheldon says this leaves an open question of whether the ALJ's ultimate finding was influenced by his erroneous finding on substantial gainful employment, and at the very least it makes it difficult for the court to determine how the ALJ reached his decision.

Mr. Sheldon's position is well taken. From the decisional language quoted above, it is impossible to tell whether the ALJ found that Mr. Sheldon was engaged in substantial gainful employment during all of 2007, or only some of it. If he meant the entire year (the decision was issued on December 7, 2007) he clearly erred. If he meant only part of the year, the court cannot discern this from his decision. Whether his erroneous finding influenced his ultimate decision is a matter of conjecture, but this court will not guess at what the ALJ meant. The ALJ must explain his reasoning, and particularly, if he finds based on the correct monthly income standard that Mr. Sheldon engaged in substantial gainful employment during any part of 2007, he must state when that employment ended. It is only at that point that the disability issue becomes contested, because so long as Mr. Sheldon continued to engage in substantial gainful employment, he was not disabled as a matter of law. 20 C.F.R. § 416.912; 20 C.F.R. § 404.1520. The court is unable to say whether the erroneous finding incorrectly influenced the ALJ's final decision. Therefore, the matter should be remanded for further consideration consistent with this report and recommendation.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g), and that the clerk be directed to close the file.

*Case No: 1:08cv247/MMP/MD*

At Pensacola, Florida this 7th day of April, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 1:08cv247/MMP/MD*